UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS BROWN,<br><br>                     Petitioner,<br><br>v.<br><br>WARREN L. MONTGOMERY, Warden,<br><br>                     Respondent. | Case No.: 21-CV-1550-L(WVG)<br><br>**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. No. 4.]** |

## I.    INTRODUCTION

On September 1, 2021, Petitioner Jonas Brown ("Petitioner"), a state prisoner represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Pet. at 5, ECF No. 1.) Petitioner alleges his federal constitutional rights were violated upon two separate bases. First, Petitioner alleges it was unreasonable that he was awarded zero conduct credits for the time he spent in custody before being charged with murder. Second, Petitioner alleges it was unreasonable that a jury instruction for manslaughter was not given to the jury during the underlying trial.

On November 5, 2021, Respondent filed a Motion to Dismiss arguing Petitioner did not properly present federal authority to exhaust his claims and thus is procedurally barred from relief. (ECF No. 4.) On January 4, 2022, Petitioner subsequently filed a Response in

Opposition to Respondent's Motion to Dismiss. (ECF No. 7.) The Court has reviewed the Petition, Motion to Dismiss, Opposition and all supporting documents submitted by both parties. For the reasons discussed below, the Court **RECOMMENDS** the Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED** without prejudice.

## II. PROCEDURAL BACKGROUND

In August 2018, a jury found Petitioner guilty of murder (Cal. Penal Code § 187(a)); premediated attempted murder (Cal Penal Code §§ 187(a), 189, 664,); and assault with a semiautomatic firearm (Cal. Penal Code § 245(b)). (ECF No. 1 at 5:8-13; 4-1 at 22-26.) The jury also determined Petitioner committed the crimes for the benefit of a criminal street gang (Cal. Penal Code § 186.22, subd. (b)(1), (b)(5)); Petitioner committed murder and attempted murder while personally discharging a firearm (Cal. Penal Code § 12022.53(b)-(d)); and Petitioner committed assault while personally using a firearm (Cal. Penal Code § 12022.5(a)). *Id*. After Petitioner was convicted, he admitted he had previously been convicted of a crime that qualified as a prior-serious felony and strike (Cal. Penal Code § 667(a)-(i)). (ECF No. 1 at 5:13-14; 4-1 at 22-26.)

On January 16, 2019, the trial court sentenced Petitioner to a term of 105 years to life, plus 31 years determinate, in state prison. (ECF No. 1 at 5-6, 8-9; 4-3 at 649-52.) This sentence included time for a previous conviction he was serving. *Id*.

On August 27, 2019, Petitioner directly appealed to the California Court of Appeal and raised multiple arguments. (ECF No. 4-7.) The California Court of Appeal agreed with some of Petitioner's arguments including granting relief of "924 days of actual credits" and striking the "unauthorized 10-year gang enhancements to Petitioner's murder and attempted murder convictions." (ECF No. 4-7 at 22-26, 29.) However, the California Court of Appeal, rejected the two claims Petitioner now raises. (ECF No. 4-7 at 6-22.)

On September 8, 2020, Petitioner filed a Petition for Review with the California Supreme Court seeking review of the same two issues currently raised in Petitioner's federal habeas petition. (ECF No. 4-8 at 7.)

///

On October 28, 2020, the California Supreme Court summarily denied the habeas petition. (ECF No. 4-9.)

On September 1, 2021, Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court. (ECF No. 1.) Respondent filed a Motion to Dismiss on November 5, 2021. (ECF No. 4.) Petitioner filed a Response in Opposition to Respondent's Motion to Dismiss ("Opposition") on January 4, 2022. (ECF No. 7.)

### III.   LEGAL STANDARD

A motion to dismiss a petition for writ of habeas corpus is viewed as a request to dismiss under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Rules Governing § 2254"). *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Rule 4 of the Rules Governing § 2254 states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *see also Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003). A petitioner must "properly exhaust his state court remedies by fairly presenting his federal claim in the state court and thereby giving those courts an opportunity to act on his claim." *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003). A "state prisoner seeking relief with respect to a California conviction is required to 'fairly present' his federal claims to the Supreme Court of California." *Pombrio v. Hense*, 631 F. Supp. 2d 1247, 1250 (C.D. Cal. 2009). A claim is "not fairly presented on its merits if it is raised 'in a procedural context in which its merits will not be considered' absent special circumstances." *Id*. at 1251 (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Federal courts cannot consider petitions that contain both exhausted and unexhausted claims, often referred to as "mixed" petitions. *See Rose*,

455 U.S. at 522 (holding a district court must dismiss a federal habeas petition containing both unexhausted and exhausted claims). The filing of a mixed petition renders it subject to dismissal. *Rose*, 455 U.S. at 519.

## IV.   DISCUSSION

Petitioner raises two claims in his Petition. (ECF No. 1 at 12-20.) First, Petitioner alleges it is unreasonable he was awarded zero conduct credits for the time he spent in custody before being charged with murder ("Credits Claim"). *Id*. at 12. Second, Petitioner alleges it is unreasonable a jury instruction for manslaughter was not given to the jury during his trial ("Manslaughter Claim"). *Id*. at 19. Additionally, Petitioner raises a claim of ineffective assistance of counsel for the first time in his Opposition. (ECF No. 7 at 6:20-7:9.)

### A. Exhaustion of Claims Raised By Petitioner

It is well established that a habeas petitioner must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). To exhaust a claim, a petitioner must "fairly present" his claim in each appropriate state court to give the State the opportunity to pass upon and correct the violations of the prisoner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner must describe both the operative facts and the federal legal theory on which the claim is based. *See Baldwin*, 541 U.S. at 27.

To fairly present federal claims to a state court, a petitioner must "alert the state court" that his claims rest on the United States Constitution. *Duncan*, 513 U.S. at 365-66; *Baldwin*, 541 U.S. at 29; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). A petitioner must "make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005); *see Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir.

2000) (holding a petitioner satisfies state exhaustion requirements for habeas corpus relief when a petitioner cites the U.S. Constitution, federal case law, or federal statutes).

General appeals to "broad constitutional principles, such as due process, equal protection and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citing to *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)). For purposes of exhaustion "a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 D.3d 1153, 1158 (9th Cir. 2003).

Claims must be separately exhausted if they are based on the same facts but are supported by distinct constitutional theories. *See Gray*, 518 U.S. at 163-65. However, if both claims are "sufficiently related" or "intertwined" so that raising one clearly implies the other, exhausting one claim will also exhaust the related claim, so as the failure to explicitly raise the related claim was not a "strategic choice." See *Lounsbury v. Thompson*, 374 F.3d 785, 787-788 (9th Cir. 2004).

Petitioner's Court of Appeals briefing and petition for review to the California Supreme Court argued the same substantive issues regarding the Credits and Manslaughter Claims. For exhaustion purposes, a petition for review filed in the California Supreme Court cannot simply incorporate by reference arguments made to lower courts. *Gatlin v. Madding*, 189 F.3d 882, 888-89 (9th Cir. 1999). Thus, Petitioner did not fairly present all the claims raised in his Petition and Opposition to both the California Court of Appeals and California Supreme Court. Therefore, his Petition contained improperly exhausted claims and his federal habeas petition presents as a mixed petition.

First, Petitioner did not fairly present the federal nature of his Credits Claim to the California Court of Appeals or California Supreme Court. Petitioner alleges it is unreasonable he was awarded zero conduct credits for the time he spent in custody before being charged with murder. (ECF No. 1 at 12.) However, Petitioner's Credits Claim appeal to both the California Court of Appeals and to the California Supreme Court did not include any citations to federal case law. (ECF No. 4-4 at 36-43; 4-8 at 13-23.) Petitioner's appeals

of his Credit's Claim failed to make any references to any claims of Due Process, any federal amendment, or any federal provision. *Id*. Finally, Petitioner's state law citations did not reference any federal language for this claim, making the citations insufficiently related and not intertwined to the constitutional authority. *Id*. Instead Petitioner's Credit Claim appeals to the California Court of Appeals and California Supreme Court focused on California's application of concurrent sentences. *Id.* Thus Petitioner's Credits Claim was improperly exhausted.

Second, Petitioner did fairly present his Manslaughter Claim to both state courts. Petitioner's Manslaughter claim alleges it was unreasonable that a jury instruction of manslaughter was not given to the jury during his trial. (ECF. No. 1 at 19.) Although Petitioner's Manslaughter Claim at the state court levels did not include any citations to federal cases and did not refer to the Due Process Clause, the Fifth Amendment, or the Sixth Amendment, both state court appeals did rely upon state law cases which analyzed federal constitutional claims. (ECF No. 4-4 at 29-30.) In particular, Petitioner relied upon the cases of *People v. Breverman*, 19 Cal. 4th 142 (1998), *People v. Barton*, 12 Cal. 4th 186 (1995), and *People v. Rogers*, 39 Cal. 4th 826 (2006). *Id.* Petitioner's reliance on the *Breverman* Court's holding to support the majority of Petitioner's arguments specifically helps to support the federal nature of his Manslaughter Claim. *Id.* The *Breverman* Court's holding explicitly rested on federal due process, the Fifth Amendment, and the Sixth Amendment. *Breverman*, 19 Cal. 4th at 142. Further, the *Breverman* Court made 63 references to constitutional rights throughout its analysis. *Id*. Petitioner's reliance on *Breverman* fulfilled his threshold requirement to fairly present the federal nature of his manslaughter claims. Thus, Petitioner's Manslaughter Claim was fairly presented to both state courts and was properly exhausted.

Finally, the first time Petitioner raises any claim for ineffective assistance of counsel is during his Opposition papers. (ECF No. 7 at 6:20-7:9.) Petitioner specifically alleges "Brown has a state habeas corpus remedy to challenge his appellate counsel's ineffective assistance" but fails to make any mention of this claim in his Petition. (ECF No. 7 at 7:1-

2.) It appears this claim may also not have been properly exhausted as the Petition provides no other factual or procedural support for this claim, and this is the first time an ineffective assistance of counsel claim is raised in the record. Petitioner's ineffective assistance of counsel claim was not presented in his moving papers and therefore should not be considered now, as it is improper for a party to raise a new argument in a reply or opposition brief. *See, e.g., United States v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992) (noting that courts generally decline to consider arguments raised for the first time in a reply brief); *United States v. Boggi,* 74 F.3d 470, 478 (3d Cir.1996) (noting that considering arguments raised for first time in reply brief deprives opposing party of adequate opportunity to respond); *Playboy Enters., Inc. v. Dumas,* 960 F.Supp. 710, 720 n. 7 (S.D.N.Y.1997) ("Arguments made for the first time in a reply brief need not be considered by a court.").

As Petitioner did not properly exhaust his Credits Claim, his federal habeas Petition presents as a mixed petition and must be dismissed.

### V. CONCLUSION

This Court **RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED** without prejudice.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that no later than **August 24, 2022**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 7, 2022**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: August 10, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge

21-CV-1550-L(WVG)