UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS BROWN,<br><br>         Petitioner,<br><br>v.<br><br>WARREN L. MONTGOMERY, Warden,<br><br>         Respondent. | Case No.: 21cv1550-L-WVG<br><br>**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS [ECF NOS. 4, 8]** |

  Petitioner Jonas Brown, a state prisoner represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for murder, attempted murder, and aggravated assault.  (Petition [ECF No. 1.])  The Petition was referred to United States Magistrate Judge William V. Gallo for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d).

  The Magistrate Judge issued a report and recommendation ("R&R"), recommending denial of the Petition.  Petitioner objected.  (Objections [ECF No. 9.])  Respondent did not respond to the Objections.  For the reasons which follow, the Report and Recommendation is adopted in part and rejected in part, and the motion to dismiss is denied without prejudice.

/ / / / /

In reviewing a Magistrate Judge's Report and Recommendation, the District Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Petitioner objected to the report and recommendation's finding that the petition should be dismissed because it contains an unexhausted claim.

### I. BACKGROUND

The relevant facts as reported by the California Court of Appeal are as follows:

> Tremayne Jones was shot and killed in the middle of the afternoon on Encinitas Way, a neighborhood street. About a week later, Brown (who was known to police as a Skyline gang member) was pulled over for a traffic violation and arrested on an unrelated charge. He pleaded guilty and began serving his sentence. Only later was he charged with Jones's murder.

See *People v. Brown*, 52 Cal. App. 5th 899 n.* (2020) Ultimately, Brown was tried for three shootings and convicted of gang-related crimes, including murder, attempted murder, and aggravated assault. (Exhibit G at 2, 10–11.)

A San Diego County jury convicted Brown in August 2018 of premeditated attempted murder, Cal. Penal Code §§ 187(a), 189, 664, assault with a semiautomatic firearm, Cal. Penal Code § 245(b), and murder, Cal. Penal Code § 187(a); the jury made findings that Brown committed these crimes for the benefit of a criminal street gang, Cal. Penal Code § 186.22(b)(1), (5), that he committed the murder and attempted murder while personally discharging a firearm, Cal. PenalCode § 12022.53(b)-(d); and that he committed assault while personally using a firearm, Cal. Penal Code § 12022.5(a). (Exhibit A at 22–26; Exhibit C at 715–22.) The jury acquitted Brown of one count of discharging a firearm in a grossly negligent manner. (Exhibit A at 24; Exhibit C at 720.)

Brown admitted, after the convictions, that he had previously been convicted in 2011 of a crime that was both a strike and a prior-serious felony, Cal. Penal Code § 667(a)-(i). (Exhibit A at 25– 26; Exhibit C at 716.) On January 16, 2019, the trial court

sentenced Brown to 105 years to life, plus 31 years determinate, in state prison, which included time for a previous drug conviction that he was already serving. (Exhibit C at 649–52, 725–29; see Doc. 1 at 5–6, 8–9.)

Brown took an appeal in which he raised multiple arguments, some of which the California Court of Appeal agreed with and for which he received the relief of "924 days of actual credits" and where the court struck "unauthorized 10-year gang enhancements to Brown's murder and attempted murder convictions." *People v. Brown*, 52 Cal. App. 5th at 910; (also Exhibit G at 21–24, 27). The California Court of Appeal, however, rejected Brown's state-law based arguments regarding presentence conduct credits and the failure to instruct on the lesser offense of voluntary manslaughter. (Exhibit G at 5–21; see Exhibit D at 5–6).

Brown filed a petition for review in the California Supreme Court that raised these latter questions regarding conduct credits and the instruction, both of which again rested only upon state law. (See Exhibit H at 4, 6.) The California Supreme Court denied review on October 28, 2020. (Exhibit I.) Brown filed his Petition in this Court on September 1, 2021, which was well within the one-year limitations period of 28 U.S.C. § 2244(d).

Petitioner now presents two claims in his Petition: (1) violation of federal due process for the trial court's failure to award him any credits for the time he spent in custody prior to being charged with murder; (2) violation of federal due process for the trial court's failure to give the jury a voluntary manslaughter by imperfect self-defense jury instruction. (Pet. at 12, 18).

## II.    DISCUSSION

It is well established that a habeas petitioner must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). To exhaust a claim, a petitioner must "fairly present" his claim in each appropriate state court to give the State the opportunity to pass upon and correct the

violations of the prisoner's federal rights. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner must describe both the operative facts and the federal legal theory on which the claim is based. *See Baldwin*, 541 U.S. at 27.

To fairly present federal claims to a state court, a petitioner must "alert the state court" that his claims rest on the United States Constitution. *Duncan*, 513 U.S. at 365-66; *Baldwin*, 541 U.S. at 29; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). A petitioner must "make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005); *see Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (holding a petitioner satisfies state exhaustion requirements for habeas corpus relief when a petitioner cites the U.S. Constitution, federal case law, or federal statutes).

General appeals to "broad constitutional principles, such as due process, equal protection and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citing to *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)). For purposes of exhaustion "a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 D.3d 1153, 1158 (9th Cir. 2003).

Claims must be separately exhausted if they are based on the same facts but are supported by distinct constitutional theories. *See Gray*, 518 U.S. at 163-65. However, if both claims are "sufficiently related" or "intertwined" so that raising one clearly implies the other, exhausting one claim will also exhaust the related claim, so as the failure to explicitly raise the related claim was not a "strategic choice." *See Lounsbury v. Thompson*, 374 F.3d 785, 787-788 (9th Cir. 2004).

A. **Credits Claim**

As noted above, Petitioner did not cite to any federal law in his credits claim when he presented it to the California Court of Appeal and the California Supreme Court. (ECF

21cv1550-L-WVG

No. 4-4 at 36-43; 4-8 at 13-23). For this reason, Petitioner's claim was not properly exhausted. In his Objections to the R&R, Petitioner elects to strike his "Credits Claim." (Obj. at 3).

In *Rose*, 455 U.S. at 520, the Supreme Court noted that mixed petitions should be dismissed, but specifically provided habeas petitioners with the option of amending their applications to delete unexhausted claims rather than suffering dismissal. Further, "Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242, affords petitioners the opportunity to amend their petition once as a matter of course." *Calderon v. United States Dist. Ct*. (Thomas), 144 F.3d 618, 620 (9th Cir. 1998). Thus, "district courts can allow petitioners to strike unexhausted claims from their petition and resubmit an amended petition including only the exhausted claims." *Id*.

In light of the above, the Court adopts the R&R's finding that Petitioner's credits claim is unexhausted and grants the motion to dismiss without prejudice. *See Calderon*, 144 F.3d at 620.

   A. **Manslaughter Claim**

Petitioner contends that the trial court erred by failing to instruct the jury with the imperfect self-defense voluntary manslaughter instruction, thereby violating his due process rights. (Pet. at 18-20). He claims that the facts were unclear about whether the victim or Brown pulled out a firearm first, therefore the jury should have been instructed as to the offense of imperfect self-defense voluntary manslaughter, which is a lesser-included offense of murder. (*Id*. at 19-20).

Respondent counters that the manslaughter instruction claim was not supported by federal constitutional authority when it was presented to the California Court of Appeal and the California Supreme Court, therefore, it is unexhausted and procedurally defaulted, requiring its dismissal. (MTD at 4-5 [ECF No. 4-10.])

In his state court petitions, Petitioner did not cite any federal cases, and did not refer to the Due Process Clause, the Fifth Amendment, or the Sixth Amendment, but instead relied upon *People v. Breverman*, 19 Cal. 4th 142 (1998) among other state cases.

(Apl't Brief at 28 [ECF No. 4-4.])  The R&R found that Petitioner's reliance on *Breverman* satisfied the threshold requirement to fairly present a federal claim because the *Breverman* court purportedly rested its holding on federal due process, and the Fifth and Sixth Amendments. (R&R at 6 [ECF No 8.])  Because the R&R found one claim exhausted and one unexhausted, it concluded that it is a mixed petition that must be dismissed.

      A close reading of *Breverman* does not support the assertion that Petitioner properly raised a federal claim to the state courts for exhaustion purposes. In *Breverman*, the defendant appealed his murder conviction claiming that the trial court violated his state and federal Constitution rights by failing to sua sponte instruct the jury on the heat of passion theory of voluntary manslaughter. 19 Cal.4th 142, 165 (1998).  The California Supreme Court noted that under certain circumstances "the denial of instructions on lesser included offenses in a capital case would violate the federal Constitution," but explicitly held that "the failure to instruct sua sponte on a lesser included offense in a noncapital case is, at most, an error of California law alone." *Id*. at 165.  In fact, the Braverman court stated that "the United States Supreme Court has expressly refrained from recognizing a federal constitutional right to instructions on lesser included offenses in noncapital cases." *Id*. at 166.

      Because *Breverman* held that the failure to instruct on a lesser included offense only implicates state law, Petitioner's claim presented to the state courts did not concern a federal right. While the R&R states that the claim is exhausted because *Breverman* "explicitly rested on federal due process, the Fifth Amendment and the Sixth Amendment" it is only in the dissents that those federal authorities are cited as a basis for their arguments. *Id*. at 189 (Kennard, J). As a result, the claim is unexhausted, the R&R is rejected on this ground, Respondent's motion to dismiss is granted, and the petition dismissed without prejudice.

//
//

### III.   CONCLUSION

For the foregoing reasons, the Report and Recommendation is adopted in part and rejected in part, and the motion to dismiss is granted without prejudice.

**IT IS SO ORDERED.**

Dated:  October 25, 2022

_____
Hon. M. James Lorenz
United States District Judge